UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKIMA APPLING,

                        Plaintiff,

    -v-                                             CIVIL ACTION NO. 21 Civ. 5091 (SLC)

KILOLO KIJAKAZI, Commissioner of Social Security,[1]        **OPINION & ORDER**

                        Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

## I.    INTRODUCTION

Before the Court is the motion of Plaintiff Shakima Appling ("Ms. Appling") seeking attorneys' fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). (ECF No. 30 (the "Motion")). Defendant Kilolo Kijakazi, the Acting Commissioner of the Social Security Administration (the "Commissioner") has not opposed the Motion. For the reasons set forth below, the Motion is GRANTED and the Court awards attorneys' fees to Ms. Appling's counsel, Pierre Pierre Law, P.C. (the "Firm"), in the amount of $9,755.43.

## II.    BACKGROUND

### A.  Procedural Background

On June 28, 2017, Ms. Appling filed an application for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB") (the "Application"), alleging a disability onset

---

[1] Kilolo Kijakazi is now the Acting Commissioner of the Social Security Administration. See Gray v. Kijakazi, No. 20 Civ. 4636 (SLC), 2022 WL 974385, at *1 n.1 (S.D.N.Y. Mar. 31, 2022). Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is respectfully directed to substitute Kilolo Kijakazi for Andrew Saul as the Defendant in the caption of this action.

date of January 28, 2017 (the "Onset Date"). (ECF No. 28 at 2). The Social Security Administration ("SSA") denied Ms. Appling's application, and she requested a hearing before an Administrative Law Judge ("ALJ"), which was held on May 7, 2019. (Id. at 2–3). On July 31, 2019, the ALJ denied Ms. Appling's application, finding that she was not disabled since the Onset Date, and therefore, was not entitled to SSI and DIB (the "First ALJ Decision"). (Id. at 4). On September 13, 2019, the Appeals Council denied Ms. Appling's request for review of the First ALJ Decision. (Id.) On October 31, 2019, Ms. Appling filed an action in this Court challenging the First ALJ Decision, and, by stipulation of the parties, the First ALJ Decision was reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) ("Sentence Four") for further administrative proceedings. Appling v. Saul, No. 19 Civ. 10145 (AT) (BCM), ECF Nos. 1 ¶¶ 1–13; 18 at 1 (S.D.N.Y. Oct. 31, 2019).

Following remand, on January 15, 2021, another hearing was conducted before a different ALJ. (ECF No. 28 at 4). On February 19, 2021, the ALJ denied Ms. Appling's application, finding that she was not disabled since the Onset Date, and therefore, was not entitled to SSI and DIB (the "Second ALJ Decision"). (Id. at 10). On April 26, 2021, the Appeals Council denied Ms. Appling's request for review of the Second ALJ Decision. (Id.) On June 9, 2021, Ms. Appling filed this second action challenging the Second ALJ Decision. (ECF No. 1 (the "Complaint")). On April 1, 2022, Ms. Appling moved for judgment on the pleadings. (ECF No. 16). On July 11, 2022, the Commissioner moved for reversal of the Second ALJ Decision and to remand this case to the SSA pursuant to Sentence Four. (ECF Nos. 25; 26 at 7). In its motion for reversal and remand, the Commissioner conceded that the second ALJ "did not properly apply the regulations," and that the ALJ's evaluation of a doctor's opinions was "not based on substantial evidence." (ECF

No. 26 at 7–14). Ms. Appling did not oppose the Commissioner's request that the case be remanded to the SSA, but argued that the appropriate remedy was for the Court to remand "for a calculation of benefits," rather than for further proceedings before the ALJ. (ECF No. 27). On August 23, 2022, the Court granted the Commissioner's motion for remand for further proceedings before the ALJ pursuant to Sentence Four, and denied Ms. Appling's motion for judgment on the pleadings as moot. Appling v. Comm'r of Soc. Sec., No. 21 Civ. 5091 (SLC), 2022 WL 3594574 (S.D.N.Y. Aug. 23, 2022). (ECF No. 28). On August 26, 2022, the Clerk of Court entered judgment accordingly. (ECF No. 29).

### B. The Motion

On November 13, 2022, Ms. Appling filed the Motion seeking attorneys' fees pursuant to the EAJA. (ECF No. 30). Ms. Appling has transferred and assigned her rights and interests in EAJA attorneys' fees to the Firm. (ECF No. 32-3).[2]

Two attorneys from the Firm expended a total of 39.27 hours on Ms. Appling's federal court proceedings. (ECF Nos. 32 ¶ 8; 32-1). Eddy Pierre Pierre ("Mr. Pierre"), expended 13.87 attorney hours on Ms. Appling's federal cases. (ECF No. 32-1 at 2–3). Mr. Pierre attests that he "has over 20 years of practice as an attorney," he "has been practicing Social Security Disability law almost exclusively for over 20 years," and he "has represented claimants at hundreds of administrative level hearings and in federal court civil actions." (ECF No. 32 ¶¶ 2–3). Melanie Williams ("Ms. Williams"), expended 25.4 attorney hours on Ms. Appling's federal cases.

---

[2] Courts in this district honor a plaintiff's assignment of attorneys' fees to counsel under the EAJA in the absence of a suggestion that the plaintiff has outstanding federal debts. See, e.g., Romero v. Comm'r of Soc. Sec., No. 20 Civ. 10918 (SDA), 2022 WL 17551776, at *2 (S.D.N.Y. Dec. 11, 2022). Nothing in the record suggests that Ms. Appling has outstanding federal debts, so the Court will honor the assignment.

(ECF No. 32-1 at 1). Mr. Pierre attests that Ms. Williams "is a licensed attorney and works of counsel to the [F]irm." (ECF No. 32 ¶ 8 n.1). Paralegals at the Firm expended 7.63 hours. (Id. ¶ 9; ECF No. 32-1 at 2–3). Ms. Appling seeks attorneys' fees valuing attorney time at $228.99 per hour and paralegal time at $100.00 per hour, for a total of $9,755.43 (the "Requested Fees"). (ECF No. 32 ¶¶ 9, 12).

### III. DISCUSSION

#### A. Legal Standards Under the EAJA

Under the EAJA, a party is eligible to recover attorneys' fees when the party is the "prevailing party" in a civil action against the United States. The EAJA provides that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

For purposes of the statute, a party is generally defined as:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the civil action was filed . . . .

28 U.S.C. § 2412(d)(2)(B).

To be considered a "prevailing party," a plaintiff "must achieve a material, judicially-sanctioned alteration of the legal relationship that favors it." Indep. Project, Inc. v. Ventresca

Bros. Constr. Co. Inc., 397 F. Supp. 3d 482, 490 (S.D.N.Y. 2019) (citing Perez v. Westchester Cnty. Dep't of Corr., 397 F. Supp. 3d 482, 149 (2d Cir. 2009)).

Under the EAJA, attorneys' fees shall be awarded to a prevailing party "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). Examining this text, the Supreme Court in Pierce v. Underwood explained that "substantially justified" does not mean "justified to a high degree," "but rather 'justified in substance or in the main'– that is, justified to a degree that could satisfy a reasonable person. That is no different from the 'reasonable basis both in law and fact' formulation . . . ." 487 U.S. 552, 565 (1988) (emphasis added). Under this standard, the United States' position "can be justified even though it is not correct, and . . . it can be substantially (i.e. for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566 n.2; see Kirkland v. R.R. Ret. Bd., 706 F.2d 99, 105 (2d Cir. 1983) (denying EAJA fee award where the government's action "although erroneous, was not so devoid of legal or factual support that a fee award is appropriate"). A court must look "not [to] what the law is when the EAJA application is made, but rather whether the government was substantially justified in believing the law not to have foreclosed its position during the underlying litigation." CFTC v. Dunn, 169 F.3d 785, 787 (2d Cir. 1999) (per curiam).

The scope of the "position of the United States" includes both the position taken during the civil litigation and "the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D); see Comm'r v. Jean, 169 F.3d 785, 159, 159 n.7 (1990) (examining Section 2412(d)(2)(D) and determining that "only one threshold determination for

the entire civil action is to be made," as "Congress' emphasis on the underlying Government action supports a single evaluation of past conduct"). Although a civil lawsuit may have numerous phases, "the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items." Jean, 496 U.S. at 161–62.

Courts have found the government's position not to be substantially justified where, for example, its decisions at the agency level contained significant errors of law and fact and failed to provide explanations of its rationale, see Gomez-Beleno v. Holder, 644 F.3d 139, 145–46 (2d Cir. 2011), or where the agency disregarded or mischaracterized evidence. Ericksson v. Comm'r of Soc. Sec., 557 F.3d 79, 82 (2d Cir. 2009); see Chursov v. Miller, No. 18 Civ. 2886 (PKC), 2019 WL 5092007, at *1 (S.D.N.Y. Oct. 11, 2019) (finding that the agency's actions were "arbitrary, capricious, and without foundation in the record," and therefore not "substantially justified"); Hill v. Comm'r of Soc. Sec., No. 14 Civ. 9665 (GBD) (BCM), 2019 WL 5092007, at *4 (S.D.N.Y. July 28, 2017) (finding that the Commissioner's position was not "substantially justified" where agency's administrative law judge "mischaracterize[ed] evidence"), adopted by, 2017 WL 5634679 (S.D.N.Y. Nov. 21, 2017); Stroud v. Comm'r of Soc. Sec. Admin., No. 13 Civ. 3251 (AT) (JCF), 2015 WL 2114578, at *3 (S.D.N.Y. Mar. 24, 2015) (finding that the Commissioner's position was not "substantially justified" where agency's commentary on applicable regulation "undermined" his position and supported the claimant's), adopted as modified by, 2015 WL 2137697 (S.D.N.Y. May 6, 2015).

B. <u>Application</u>

1. <u>**Ms. Appling is a prevailing party.**</u>

In failing to oppose the Motion, the Commissioner has conceded that Ms. Appling is a "prevailing party" and that the Commissioner's position in the litigation was not "substantially justified."  See <u>Avila v. Comm'r of Soc. Sec.</u>, No. 20 Civ. 1360 (ER) (VF), 2022 U.S. Dist. LEXIS 150644, at *3 (S.D.N.Y. Aug. 22, 2022) (granting unopposed motion for attorneys' fees under the EAJA, holding that "[t]he Commissioner has effectively conceded that she cannot meet this burden since she has not opposed Plaintiff's motion"); <u>Nashid v. Colvin</u>, No. 12 Civ. 8564 (PAE) (HBP), 2014 U.S. Dist. LEXIS 110755, at *4 (S.D.N.Y. Aug. 4, 2014), <u>adopted by</u>, 2014 WL 4824680 (S.D.N.Y. Sept. 25, 2014) (granting unopposed motion for attorneys' fees under the EAJA, holding that "there is nothing in the record that suggests, let alone demonstrates, that the denial of plaintiff's application for SSI benefits was substantially justified"); <u>Soto v. Astrue</u>, No. 09 Civ. 3238 (FB), 2010 WL 2026269, at *1 (E.D.N.Y. May 19 2010) (granting unopposed motion for attorneys' fees under the EAJA, holding that "[t]he Government has effectively conceded that it cannot meet this burden since it has not opposed the fee application"); <u>see also</u> <u>Afriyie v. Comm'r of Soc. Sec.</u>, No. 19 Civ. 4635 (JLC), 2021 WL 1178579, at *2 (S.D.N.Y. Mar. 30, 2021) (holding that, "[b]ecause [plaintiff] received a remand, she is the prevailing party").

Thus, Ms. Appling is a prevailing party entitled to recover attorneys' fees and costs under the EAJA.  See <u>Romero</u>, 2022 WL 17551776, at *1 (holding that "Plaintiff here is entitled to its attorneys' fees and costs, as the Government has not submitted any opposition to Plaintiff's

motion or sough to establish substantial justification"); Morales v. Colvin, No. 13 Civ. 6844 (LGS), 2015 WL 4597547, at *1 (S.D.N.Y. July 29, 2015) (same).

### 2. The Requested Fees are reasonable.

Ms. Appling seeks an award of $9,755.43. (ECF No. 30). Addressing first the reasonableness of the hourly rate, under the EAJA, "attorney[s'] fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts in this district adjust the hourly cap of $125.00, imposed in March 1996, to its dollar equivalent at the time of the award. See Romero, 2022 WL 17551776, at *1; Camilo v. Colvin, No. 11 Civ. 1345 (DAB) (MHD), 2015 WL 3385734, at *3 (S.D.N.Y. Jan. 13, 2014), adopted by, 2015 WL 3385734 (S.D.N.Y. May 26, 2015). "District courts . . . determine the cost-of-living adjustment by multiplying the basis EAJA rate by the current consumer price index [("CPI")] for urban consumers, and then dividing the product by the [CPI for urban consumers] in the month that the cap was imposed." Romero, 2022 WL 17551776, at *1; see Morales, 2015 WL 4597547, at *1 (same).

Here, most of the work was performed by Ms. Appling's counsel in March 2022 (ECF Nos. 32 ¶ 12; 32-1), when the CPI for urban consumers for the Northeast Urban Region was calculated to be 298.403. See CPI Historical Tables for Northeast, U.S. Bureau of Labor Statistics, available at https://www.bls.gov/regions/mid-atlantic/data/consumerpriceindexhistorical_nort

8

heast_table.htm (last accessed July 31, 2023).  The appropriate adjusted rate is, therefore, $229.12 per hour.[3]

For the attorneys who worked on her federal cases, Ms. Appling requests an hourly rate of $228.99, which is less than $229.12.  (ECF No. 32 ¶ 12).  Because the "requested rate . . . is lower than the permissible CPI-adjusted rate[] for th[e] time period[], [it] is a reasonable rate for the work performed in this case."  Jimenez v. Comm'r of Soc. Sec., No. 21 Civ. 2030, 2023 U.S. Dist. LEXIS 95083, at *5 (S.D.N.Y. May 31, 2023).  Ms. Appling's proposed hourly rate of $100.00 for paralegals is also reasonable.  See Hakim v. Kijakazi, No. 21 Civ. 1460 (JLC), 2023 WL 142232, at *1 n.2 (S.D.N.Y. Jan. 10, 2023) (holding that, "[a]s other courts in this District have found, the $100 paralegal hourly rate is reasonable"); Romero, 2022 WL 17551776, at *2.

The attorneys who worked on Ms. Appling's federal cases expended 39.27 hours and the paralegals 7.63 hours, for a total of 46.9 hours.  (ECF Nos. 32 ¶¶ 8–9; 32-1).  The Commissioner has not objected to these amounts, and the Court finds them to be reasonable.  See Romero, 2022 WL 17551776, at *2 (holding that 43.7 total hours of combined attorney and paralegal time was reasonable, and granting unopposed motion for attorneys' fees under the EAJA).

Accordingly, the Court finds that the Requested Fees are reasonable.

### IV.  CONCLUSION

For the foregoing reasons, the Motion is GRANTED, and the Firm is awarded fees under the EAJA in the amount of $9,755.43.

The Clerk of Court is respectfully directed to close ECF No. 30.

---

[3] 298.403 divided by 162.80 multiplied by $125.00 equals approximately $229.12.

Dated: New York, New York
       July 31, 2023                             SO ORDERED.

                                                            **SARAH L. CAVE**
                                                            **United States Magistrate Judge**