UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAKIMA C. A.,[1]

Plaintiff,

-v-

FRANK BISIGNANO, Commissioner of Social Security,[2]

Defendant.

CIVIL ACTION NO.: 21 Civ. 5091 (SLC)

**OPINION AND ORDER**

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is the motion of Eddy Pierre Pierre, Esq. ("Pierre"), counsel for Plaintiff Shakima C. A. ("Plaintiff"), for attorneys' fees in the amount of $34,069.75 (the "Requested Fees") pursuant to Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1) (the "Act"). (Dkt. No. 37 (the "Motion")). For the reasons set forth below, the Motion is **GRANTED**. The Court awards attorneys' fees to Pierre in the amount of $34,069.75 under Section 406(b) and orders Pierre to refund to Plaintiff $9,755.43 in attorneys' fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

[1] We identify Plaintiff by first name, middle initial, and last initial in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United State. See Joelyn M. v. Comm'r of Soc. Sec., No. 24 Civ. 8756 (GRJ), 2025 WL 3059761, at *1 n.1 (S.D.N.Y. Nov. 2, 2025).

[2] Frank Bisignano is now the Acting Commissioner of the Social Security Administration. https://www.ssa.gov/agency/commissioner/ (last visited August 24, 2026). Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of the Court is respectfully directed to substitute Frank Bisignano for Andrew Saul as the Defendant in the caption of this action.

## II. BACKGROUND

On June 9, 2021, Plaintiff filed this action seeking judicial review of a February 2021 decision of the Commissioner of Social Security (the "Commissioner") denying her applications for Supplemental Security Income ("SSI") and Disability Insurance Benefits ("DIB"). (Dkt. No. 1 ¶¶ 1, 8, 11). Pierre represented Plaintiff both in this action and at the agency level. (Dkt. No. 38 at 5). Plaintiff and Pierre entered into a contingency retainer agreement providing that Pierre would receive up to 25% of any past-due benefits awarded to Plaintiff. (Dkt. No. 39-1 at 1 (the "Agreement")). If Plaintiff did not succeed in obtaining benefits, Pierre would receive nothing under the Agreement. (Id.)

On October 4, 2021, the Commissioner filed the certified administrative record. (Dkt. No. 10). On February 21, 2022, the parties consented to Magistrate Judge jurisdiction. (Dkt. No. 15). On April 1, 2022, Plaintiff filed a motion for judgment on the pleadings. (Dkt. No. 16). On July 11, 2022, the Commissioner filed a motion to remand the action to the Commissioner for further proceedings. (Dkt. No. 25). On July 31, 2023, this Court ordered an award to Pierre of attorneys' fees in the amount of $9,755.43 pursuant to the EAJA. (Dkt. No. 36 (the "EAJA Fees")).

Following remand, Plaintiff received a Notice of Award letter dated November 24, 2025, informing her that she was found to be entitled to past-due SSI of $84,599.00. (Dkt. No. 39-3 at 9 (the "SSI Award Letter")). The SSI Award Letter does not specify the amount the Commissioner withheld for anticipated attorneys' fees pursuant to Section 406(b). (See Dkt. No. 39-3 at 8–29; see also Dkt. No. 39 ¶ 14 n.2 (stating that SSI Award Letters "common[ly]. . . do not state the amount withheld for attorney[s'] fees.")) Plaintiff received another Notice of Award letter dated December 13, 2025, informing her that she was found to be disabled and entitled to past-due

DIB of $51,618.00.[3] (Dkt. No. 39-3 at 1–7 (the "DIB Award Letter")). Of the $51,680.00 owed to Plaintiff, the Commissioner withheld $12,920.00 in anticipated attorneys' fees pursuant to Section 406(b). (Dkt. Nos. 39-3 at 4; 39 ¶ 15).

On January 14, 2026, Pierre filed the Motion, requesting attorneys' fees pursuant to Section 406(b) in the amount of $34,069.75 for 40.30 hours representing Plaintiff. (Dkt. No. 37; see Dkt. Nos. 38 at 4; 39 ¶ 16; 39-2). On January 28, 2026, the Commissioner filed a response neither opposing nor supporting the Motion. (Dkt. No. 41).

## III. DISCUSSION

### A. Legal Standard

Section 406(b) of the Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court then evaluates the agreement for reasonableness. See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[4]

To determine whether a requested fee is reasonable, a district court considers (a) "the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." Fields, 24 F.4th at 849, 853.

[3] The DIB Award Letter does not provide the total amount of Plaintiff's DIB, (see Dkt. No. 39-3 at 1–7), but we recognized that four times the 25% the Commissioner withheld for attorneys' fees ($12,920.00) equates to $51,618.00. (See Dkt. No. 39-3 at 4).

[4] Internal case citations and quotation marks are omitted unless otherwise indicated.

To analyze the third factor, i.e., whether the fee would constitute a "windfall," the courts must "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Id. at 854. To assess whether a requested fee would be a windfall, courts consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[;]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[;]" (3) "the satisfaction of the disabled claimant[;]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–55. A district court may reduce the amount provided under a contingency fee agreement "only when it finds the amount to be unreasonable" after considering all these factors. Id. at 852–53; see Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields factors), adopted by, 2023 WL 4649389 (S.D.N.Y. July 20, 2023); Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same).

In addition, if a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the lesser of the two awards. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Hill, 2023 WL 4827265, at *3 (collecting cases).

**B. Application**

**1. Timeliness**

An attorney seeking fees under Section 406(b) must file an application within fourteen days of receipt of the claimant's award notice. See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019) (applying to Section 406(b) fee applications 14-day filing period to seek attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B)); accord Johnson v. Kijakazi, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022). The Second Circuit has explained that the "fourteen-day limitations period is not absolute" but is subject to equitable tolling and "district courts are empowered to enlarge that filing period where circumstances warrant[.]" Sinkler, 932 F.3d at 89. District courts have discretion to decide "'when such an alteration is appropriate.'" Almodovar v. Saul, No. 16 Civ. 7419 (GBD) (SN), 2019 WL 7602176, at *2 (S.D.N.Y. Oct. 4, 2019) (quoting Sinker, 932 F.3d at 88–89), adopted by, 2019 WL 6207784 (S.D.N.Y. Nov. 21, 2019). "Courts in this Circuit routinely excuse short, reasonable delays in filing an attorney's fee motion." Denver v. Comm'r of Soc. Sec., No. 19 Civ. 1312 (VSB) (KHP), 2024 WL 5469866, at *2 (S.D.N.Y. Nov. 18, 2024) (collecting cases).

Pierre acknowledges that the Motion, which he filed 28 days after his receipt of the DIB Award Letter, is untimely. (Dkt. Nos. 38 at 7–8; 39 ¶ 18). Pierre explains that he delayed filing the Motion because he was encouraging Plaintiff to provide the Commissioner with information about her child, whom Pierre believed was also entitled to benefits. (Dkt. Nos. 38 at 8; 39 ¶ 18). Pierre attests that this would "have impacted the fee requested herein" and that he "wanted to ensure all entitlements were captured by the [Social Security Administration ("SSA")] in calculating retroactive benefits due[.]" (Dkt. No. 39 ¶ 18). Not until January 13, 2026 did Plaintiff

inform Pierre that "she did not want to provide her child's information to the SSA[.]" (Dkt. No. 38 at 8). The next day, January 14, 2026, Pierre filed the Motion. (Dkt. No. 37).

Pierre's two-week delay in filing the Motion seems to be "a short delay in marked contrast to the six-month delay in Sinkler." Lesterhuis v. Comm'r of Soc. Sec., 408 F. Supp. 3d 292, 295 (W.D.N.Y. 2019). And "unlike counsel in Sinkler, here [Pierre] has offered a justification for the short delay in filing the pending [M]otion." Bukilici v. Saul, No. 15 Civ. 1777 (SALM), 2020 WL 2219184, at *4 (D. Conn. May 7, 2020) (finding section 406(b) fee application timely despite 16-day filing delay). Finally, this short delay did not prejudice Plaintiff, the Commissioner, or anyone else. See Stephanie P. v. Comm'r of Soc. Sec., No. 19 Civ. 6 (FPG), 2021 WL 951677, at *2 (W.D.N.Y. Mar. 12, 2021) (finding section 406(b) fee motion timely despite one-day filing delay where no party was prejudiced).

Accordingly, we exercise our discretion to deem the Motion timely.

**2. Reasonableness**

The Agreement contemplates that Pierre will receive attorneys' fees up to 25% of Plaintiff's past-due benefits under Section 406(b). (Dkt. No. 39-1 at 1). The Requested Fees do not exceed the statutory cap in Section 406(b),[5] there are no allegations of fraud or overreaching with respect to the Agreement, and the record does not reflect any purposeful delay by Pierre. (See Dkt. Nos. 38; 39; 39-1; 39-2). In addition, through Pierre's representation, Plaintiff "obtained positive results" — an award of $136,279.00 in past-due benefits.[6] (Dkt. No. 39-3 at 1–4, 9). See Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL 7185384, at *2 (S.D.N.Y. Nov. 1,

[5] ($51,680.00 + $84,599.00) * .25 = $34,069.75. (See Dkt. No. 39-3 at 1–4, 9; see also Dkt. No. 39 ¶ 16 ("25% of the total amount of Plaintiff's retroactive benefits is $34,069.75."))
[6] $51,680.00 + 84,599.00 = $136,279.00

2023) (noting that counsel "obtained positive results" for client by "securing a remand to the Commissioner" and securing past-due benefits).

We thus turn to the only remaining question: whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]" Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). Our analysis turns not solely on the de facto hourly rate but also on the four Fields factors. See Fields, 24 F.4th at 854–55. Here, Pierre affirms that he performed 40.30 hours of work over the course of his representation.[7] (See Dkt. Nos. 38 at 4; 39 ¶ 21; 39-2). Using the Requested Fees, Pierre's effective hourly rate is $845.40.[8] As set forth below, the Fields factors weigh in Pierre's favor and we find the amount of the Requested Fees reasonable.

First — "the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854 — courts in the Second Circuit have found that "attorneys are generally compensated for twenty to forty hours of work in routine Social Security benefits cases." Molina v. Saul, No. 19 Civ. 10575 (JCM), 2021 WL 2117398, at *3 (S.D.N.Y. May 25, 2021). Here, Pierre requests compensation for 40.30 hours of work (Dkt. Nos. 38 at 4; 39 ¶ 21), and supports his request with a timesheet detailing the dates, hours expended, and description of the work he performed. (See Dkt. No. 39-2). We have reviewed the time records and find that Pierre spent the documented hours primarily litigating this action, including reviewing the administrative record and drafting the motion for judgment on the pleadings. (Dkt. No. 39-2).

In addition, as we have noted, Pierre's efforts were successful in securing a remand to the Commissioner for further proceedings, which led to a total award of past-due benefits to Plaintiff

[7] Pierre's paralegal recorded 8.26 hours. (Dkt. No. 39 ¶ 21).

[8] $34,069.75 / 40.30 hours = $845.40, rounded to the nearest hundredth. (Dkt. No. 38 at 4 n.2).

of $136,279.00. (Dkt. No. 39-3 4, 9). Further, we join other courts in this Circuit who have recognized Pierre as an experienced Social Security practitioner. See, e.g., Parato v. Kijakazi, No. 19 Civ. 5414 (RRM), 2023 WL 2711086, at *4 (E.D.N.Y. Mar. 30, 2023) (acknowledging "Pierre's over 20 years of experience specializing in Social Security cases"); Edward Z. v. Kijakazi, No. 20 Civ. 1824 (TOF), 2022 WL 20109262, at *3 (D. Conn. Oct. 24, 2022) (noting that Pierre is an "able and experienced" attorney who "devotes his entire practice to Social Security cases"). Therefore, we find the hours Pierre spent representing Plaintiff to be reasonable. See Moronta Perez v. Comm'r of Soc. Sec., No. 20 Civ. 6561 (RA) (SDA), 2025 WL 1019700, at *3 (S.D.N.Y. Feb. 20, 2025) (finding 40.5 hours reasonable), adopted by, 2025 WL 1018363 (S.D.N.Y. Apr. 4, 2025); Rita M.B. v. Berryhill, No. 16 Civ. 262 (DEP), 2018 WL 5784101, at *7 (N.D.N.Y. Nov. 5, 2018) (finding 45.4 hours reasonable).

Second — "the nature and length of the professional relationship with the client — including any representation at the agency level[,]" Fields, 24 F.4th at 855 — we note that Pierre represented Plaintiff at both the agency and federal levels, starting on June 7, 2021. (Dkt. No. 38 at 5). Pierre's lengthier relationship with Plaintiff may have enabled Pierre to advocate for her more efficiently and effectively before this Court. See Fields, 24 F.4th at 855 ("It is quite likely that the significant investment of time and effort in [plaintiff's] case at the agency level further enabled [plaintiff's counsel] to operate with efficiency in the federal courts."). Therefore, this factor does not warrant a downward adjustment.

Third — "the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855 — Pierre "achieved a desirable result for Plaintiff." Munoz, 2023 WL 5310742, at *3. Plaintiff does not object to counsel's fee and has received a substantial award of past-due benefits. (See Dkt.

Nos. 38 at 5; 39-3 at 1–4, 9). Thus, this factor does not warrant a downward adjustment. See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4.

Fourth — "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result," Fields, 24 F.4th at 855 — when Plaintiff retained Pierre in 2021, achieving a substantial award of past-due benefits was not certain. Plaintiff's claim was denied at least four times at the agency level before this action. (Dkt. No. 38 at 6). Under these circumstances, we infer that Pierre's skills and experience were important factors in securing a favorable result for Plaintiff. See Hennelly v. Kijakazi, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *3 (S.D.N.Y. June 5, 2023) (finding uncertainty where claimant's application for benefits had been denied at agency level); Demola v. Comm'r of Soc. Sec., No. 18 Civ. 5281 (FB), 2023 WL 2914941, at *1 (E.D.N.Y. Apr. 12, 2023) (same). Thus, this factor does not warrant a downward adjustment.

Accordingly, none of the Fields factors indicate that the Requested Fees would constitute a windfall to Pierre, nor does the resulting stated de facto hourly rate of $845.40 — which, in any event, is not dispositive, see Fields, 24 F.4th at 854 — fall outside the range of de facto hourly rates that other courts in this Circuit have approved. See, e.g., Thomas H. v. Comm'r of Soc. Sec, No. 19 Civ. 473 (FPG), 2021 WL 4197870, at *1 (W.D.N.Y. Sept. 15, 2021) (finding $900.00 hourly rate was reasonable). Accordingly, we find that Pierre is entitled to an award of attorneys' fees under Section 406(b) in the amount of $34,069.75.

On receiving an award of fees pursuant to Section 406(b), however, Pierre must refund the EAJA Fees ($9,755.43) to Plaintiff. See Wells v. Bowen, 855 F.2d at 48; Munoz, 2023 WL

5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

## IV. CONCLUSION

For the reasons set forth above, the Motion is **GRANTED**. Pierre is awarded attorneys' fees of $34,069.75 pursuant to Section 406(b), to be paid out of Plaintiff's past-due benefits in accordance with agency policy.

Pierre is **ORDERED**, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (a) refund to Plaintiff the $9,755.43 in attorneys' fees previously awarded under the EAJA, and (b) file on the docket a declaration confirming that refund.

The Clerk of the Court is respectfully directed to close Dkt. No. 37 and to update the name of the Defendant on the docket from Andrew Saul to Frank J. Bisignano.

Dated: New York, New York
August 24, 2026

SO ORDERED.

**SARAH L. CAVE**
**United States Magistrate Judge**